UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9100 GAF (JCGx) | Date | November 1, 2012 |
|---|---|---|---|
| Title | *Quad Int'l, Inc. v. John Doe* | | |

| Present: The Honorable | **Jay C. Gandhi, United States Magistrate Judge** | |
|---|---|---|
| Beatriz Martinez | n/a | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Non-Parties: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**     **(IN CHAMBERS) ORDER DENYING *EX PARTE* APPLICATION**

The Court is in receipt of plaintiff Quad Int'l, Inc.'s ("Plaintiff") *ex parte* application for expedited discovery. [Dkt. No. 6.] Plaintiff alleges that John Doe, without authorization, downloaded and distributed its copyrighted works. (App. at 1.) Consequently, Plaintiff seeks leave to discover the identity of John Doe from a third-party internet service provider.

On its face, the *ex parte* application runs afoul of the teachings of Local Rule 37-3 and *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Local Rule 37-3 provides that "no discovery motions shall be filed or heard on an *ex parte* basis, absent a showing of *irreparable injury or prejudice not attributable to the lack of diligence of the moving party*." L.R. 37-3 (emphasis added).

*Mission Power* lends additional heft. There, the court cogently explained that "filing an ex parte motion[] . . . is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire." *Mission Power*, 883 F. Supp. at 492. And, the moving party should not be brandishing a pack of matches. "[I]t must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.*

Here, Plaintiff offers no *specific* details regarding its diligence. For instance, Plaintiff does not state when it discovered the alleged infringement, and thus the Court is unable to determine whether *ex parte* relief is warranted here.

Accordingly, the Court **DENIES** Plaintiff's *ex parte* application [Dkt. No. 6].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9100 GAF (JCGx) | Date | November 1, 2012 |
|---|---|---|---|
| Title | *Quad Int'l, Inc. v. John Doe* | | |

    In the event that Plaintiff moves for expedited discovery via regularly-noticed procedures, the Court will expect strict compliance with Fed. R. Civ. P. 26(d)(1) and *Hard Drive Productions, Inc. v. Does 1-90*, C11-03825 HRL, 2012 WL 1094653 (N.D. Cal. Mar. 30, 2012) ("When considering good cause [for expedited discovery], courts consider: whether (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.").

    **IT IS SO ORDERED.**


cc:   Parties of Record

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | bm | |