UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9100 GAF (JCGx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | *Quad Int'l, Inc. v. John Doe* | | |

| Present: The Honorable | **Jay C. Gandhi, United States Magistrate Judge** | |
|---|---|---|
| Beatriz Martinez | n/a | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Non-Parties: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(F) CONFERENCE**

The Court has reviewed plaintiff Quad Int'l, Inc.'s ("Plaintiff") motion for leave to take expedited discovery prior to Rule 26(f) conference. [*See* Dkt. No. 11.]

The motion is suitable for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Accordingly, the presently-scheduled hearing date and time of January 8, 2012 at 2:00 p.m. is **VACATED**.

In sum, Plaintiff alleges copyright infringement against defendant John Doe ("Defendant"). The copyrighted work at issue is an adult entertainment video. Defendant's actual name is unknown to Plaintiff, and Defendant is "known" to Plaintiff only by an Internet Protocol address. That IP address is 99.67.57.126. Plaintiff "observed" that IP address as part of a BitTorrent swarm on August 9, 2012. Plaintiff confirmed that the downloaded video was substantially similar to the copyrighted work, and Defendant obtained a full version of the copyrighted work. Without additional information, Plaintiffs complains that it cannot proceed against the infringer, and protect its rights in the copyrighted work.

Courts in the Ninth Circuit apply a "good cause" test in deciding whether to permit discovery before the Rule 26(f) conference, and courts have found such good cause in somewhat similar circumstances. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9100 GAF (JCGx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | *Quad Int'l, Inc. v. John Doe* | | |

On the other hand, the Court is cognizant that notable concerns have been expressed about these types of matters, particularly involving adult videos. For instance, the subscriber (of the IP address) may not be the actual infringer. In fact, some suggest that these suits are intended to advance some improper, extrajudicial business plan. *See, e.g.*, *Malibu Media, LLC v. John Does 1 through 10*, 2012 WL 5382304 (C.D. Cal. June 27, 2012).

On balance, and given this particular case, Plaintiff's representations sufficiently support that the IP address identified by Plaintiff for Defendant – 99.67.57.126 – is somewhat associated with a particular individual, and that the discovery sought will facilitate identification of, and service of the summons and complaint on, Defendant.

Also, in this context, the Court can balance, or at least attempt to do so, Plaintiff's need for the information against potential undue harassment through certain prophylactic discovery measures.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for leave to take expedited discovery, [Dkt. No. 11], is **GRANTED SPECIFICALLY AS PROVIDED HEREIN**.

2. Plaintiff may serve a Rule 45 subpoena on AT&T Internet Services to obtain the following information about Defendant John Doe (based on the IP address listed for him in the complaint – 99.67.57.126): name, address, telephone number, and email address. A copy of this Minute Order shall be attached to the subpoena.

3. The subpoena served by Plaintiff shall provide a production date of sixty (60) calendar days, and in no event shall AT&T Internet Services respond to Plaintiff's subpoena before sixty (60) calendar days.

4. Within fourteen (14) calendar days after service of the subpoena, AT&T Internet Services shall notify, in writing, the subscriber at his last known address that his identity is being sought by Plaintiff and shall deliver a copy of the subpoena and this Minute Order to him. AT&T Internet Services

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9100 GAF (JCGx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | *Quad Int'l, Inc. v. John Doe* | | |

shall transmit its notice to the subscriber via overnight priority mail.

5. Any third party or party, including AT&T Internet Services or Defendant John Doe, may move to quash the subpoena, and if any party does so, AT&T Internet Services shall not respond to the subpoena until further Order of this Court.

6. AT&T Internet Services shall preserve all subpoenaed information pending AT&T Internet Services' delivery of such information to Plaintiff or the final resolution of a motion to quash the subpoena with respect to such information.

7. Any information disclosed to Plaintiff in response to the subpoena may not be used for any improper purpose and may only be used for protecting its rights as set forth in the complaint.

**SO ORDERED.**

cc: Parties of Record

00 : 00

Initials of Preparer bm